EXHIBIT 1

Filing # 40022648 E-Filed 04/08/2016 10:43:43 AM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA
## CIVIL DIVISION

**SHERIKA STACY, on behalf of herself
and all similarly-situated individuals,**

    **Plaintiffs,**

**v.**                         **Case No.:**

**DOLLAR TREE STORES, INC.,**

    **Defendant.**

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHERIKA STACY, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, bring the following Class Action Complaint as of right against DOLLAR TREE STORES, INC. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENT

1.    Defendant owns and operates a chain of discount variety stores that sells items for $1 or less.

2.    Defendant routinely obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

3.    While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

4.    Defendant willfully violated these requirements in multiple ways, in systematic

violation of Plaintiff's rights and the rights of other putative class members.

5.      Defendant violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members based on undisclosed consumer report information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

6.      Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees – in a document that consists solely of the disclosure – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Id. Defendant's Background Check Disclosure form discloses that Defendant intends to conduct a background check and, at the same time, purports to release Defendant from any liability related to the background check.   Courts throughout the country, including in *Milbourne v. JRK Residential Am., LLC*, 2015 U.S. Dist. LEXIS 29905, 15 (E.D. Va. Mar. 10, 2015), *Avila v. NOW Health Group, Inc.*, 2014 U.S. Dist. LEXIS 99178, 2 (N.D. Ill. July 17, 2014), *Singleton v. Domino's Pizza*, 2012 WL 245965, *8 (D. Md. Jan. 25, 2012), *Reardon v. Closetmaid Corp.*, 2013 WL 6231606, *10-11 (W.D. Pa. Dec. 2, 2013), and *E.E.O.C. v. Video Only, Inc.*, No. CIV. 06-1362-KI, 2008 WL 2433841 at *11 (D. Or. June 11, 2008), have held that § 1681b(b)(2)(A)(i) prohibits the inclusion of a waiver of rights in a form used by an employer to disclose to a prospective employee his or her rights under the FCRA. This practice also violates longstanding regulatory guidance from the Federal Trade Commission ("FTC").

7.     Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

8.     Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of herself and two separate classes of Defendant's employees, and prospective employees.

9.     In Count One, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class" consisting All Dollar Tree employees and job applicants in the United States against whom adverse employment action was taken based, in whole or in part, on information contained in a consumer report within five years of the filing of this complaint through the date of final judgment in this action who were not provided the proper pre-adverse notice as required by 15 U.S.C. § 1681b(b)(3)(A).

10.     In Counts two and three, Plaintiff also asserts a FCRA claim under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Improper Disclosure and Authorization Class" consisting of: All Dollar Tree employees and job applicants who applied for or worked in a position that was at the level of assistant store manager or higher in the United States and who were the subject of a consumer report that was procured by Dollar Tree within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).

11.     On behalf of herself and the Putative Classes, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

12.     Individual and representative Plaintiff SHERIKA STACY is a former employee of Defendant and is a member of the Putative Class defined herein.

13.     Plaintiff applied to work for Defendant as an assistant store manager.  Before she started working for Defendant, Plaintiff filled out Defendant's background information and consent form which contains the illegal FCRA waiver.  This was done prior to the expiration of the applicable FCRA statute of limitations.

14.     Defendant then ran a background checking constituting a consumer report, as defined by the FCRA, on Plaintiff.

15.     The background check run by Defendant was illegal and performed in violation of the FCRA.

16.     Defendant also took adverse employment action against Defendant based on her background check without given her a copy of the report or an opportunity to discuss the report.

## THE PARTIES

17.     Individual and representative Plaintiff SHERIKA STACY ("Plaintiff") lives in Plant City, Florida.  Plaintiff is a former employee of Defendant, and is a member of each of the Putative Classes defined below.

18.     Defendant is headquartered in Mooresville, North Carolina.  According to its website, Defendant operates more than 1,830 stores in the United States, Canada and Mexico. We serve approximately 15 million customers each week and employ more than 260,000 people.

## JURISDICTION AND VENUE

19.     This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

20.     Venue is proper in Broward County, because all of the events giving rise to these claims arose in this County.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

21.     Defendant conducts background checks on many of its job applicants as part of a standard screening process, including applicants who apply for a assistant store manager positions or higher.   In addition, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

22.     In fact, Defendant's Director of Human Resources, David E. McDearmon described Defendant's policy regarding its background screening process in a sworn affidavit (Attached as Exhibit "A").

23.     Specifically, Mr. McDearmon stated, "[d]ue to volume, [Defendant] only performs background screens on certain employees at the level of Assistant Store Manager or Higher." (See Exhibit A, ¶ 3).

24.     Further Mr. Dearmon evidenced that Defendant does not perform these background checks in-house by stating "[o]nce the applicant provides authorization, the District Manager or human resources representative orders the background screen from our third party vendor directly through the on-line application process." (See Exhibit A, ¶4).   Rather, Defendant relies on an outside consumer reporting firms to obtain this information and report it to Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

25.     Defendant procured a consumer report information on Plaintiff in violation of the FCRA.  In fact, Plaintiff had applied to be an Assistant Store Manager, the same position for which Defendant already admitted it does, in fact, perform background checks on.

26.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

27.    Defendant failed to satisfy these disclosure and authorization requirements.

28.    Defendant does not have a stand-alone FCRA disclosure or authorization form.

29.    This practice violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the FTC.

30.    For example, Defendant's Background Check Disclosure form discloses that Defendant intends to conduct a background check and, at the same time, purports to release Defendant from any liability related to the background check. The inclusion of this release provision in the Background Check Disclosure form violates the FCRA.

31.    The "inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

32.    Defendant willfully disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

### FCRA Violations Relating to Adverse Action Class

33.    The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . .

. a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

34.     Defendant typically does not provide job applicants or employees with a copy of their consumer reports when it takes adverse action against them based on the information in such reports.   By way of example, Plaintiff was fired and/or not allowed to commence working due to information obtained by Defendant contained in her consumer report; however, Plaintiff never received any pre-adverse notice from Defendant.

35.     This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance. ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information....")

36.     By failing to provide Plaintiff and other Putative Class members with copies of their consumer reports prior to taking adverse employment action against them based on such reports, Defendant willfully disregarded this regulatory guidance and the plain language of the statute in violation of 15 U.S.C. §§ 1681b(b)(2)(A).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

37.     Defendant procured a consumer report on Plaintiff by using a third-party vendor. Defendant then informed Plaintiff that due to the information obtained in the background report she was fired immediately.

38.     Plaintiff was given no pre-adverse notice whatsoever of the information contained in the consumer report upon which Defendant based its decision.

7

39.     Defendant did not provide Plaintiff with a copy of the consumer report that they relied upon and did not provide Plaintiff with an explanation for its termination decision. As a result, in violation of the FCRA Plaintiff was deprived of any opportunity to review the information in the report and discuss it with her employer before she was terminated.

40.     It was unlawful for Defendant to terminate Plaintiff's employment and deny her employment applications on the basis of information contained in a consumer report that was never shared with her. It also was unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA.

41.     In doing so Defendant violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members, based on undisclosed consumer report information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

42.     Additionally, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant are required to disclose to its employees – in a document that consists solely of the disclosure – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Id. Defendant willfully violated this requirement by failing to provide Plaintiff with a copy of a document that document that consists solely of the disclosure that they may obtain a consumer report on them for employment purposes, prior to obtaining a copy of the consumer report. This practice violates longstanding regulatory guidance from the Federal Trade Commission ("FTC").

43.     Also in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendant authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, requiring that forms granting the authority to access and use consumer report information for employment purposes be "stand alone forms" and not include any additional agreements. Defendant' decision to include a liability release provision in its authorization forms is contrary to the plain language of the FCRA and to unambiguous regulatory guidance from the Federal Trade Commission.

44.     Defendant's Background Check Disclosure form, discloses that Defendant intend to conduct a background check and, at the same time, purports to release Defendant from any liability related to the background check should any of the information be erroneous.

45.     Defendant willfully disregarded this regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

46.     The FCRA also requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report, before an employer can take adverse action against the employee it must first provide the employee with a copy of the report and provide a description of their rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information in the consumer report, (ii) the name, address, and telephone number of the consumer reporting

9

agency that furnished the report to the person, (iii) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken, (iv) notice of the consumer's rights to obtain...a free copy of the consumer report on the consumer from the consumer reporting agency...[within] the 60–day period, and (v) notice of the consumer's right to dispute...with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency (referred to "Post-Adverse Action Notice"). See 15 U.S.C. § 1681b and § 1681m.

47.     Defendant failed to satisfy the requirements of the Disclosure and Authorization and Pre-Adverse Action Notice when it procured Plaintiff's consumer report and terminated Plaintiff based on information contained in the consumer report.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff assert her claim in Count 1 on behalf of a Putative Adverse Action Class defined as follows:

**Pre-Adverse Action Notice Class:**   All Dollar Tree employees and job Applicants in the United States against whom adverse employment action was taken based, in whole or in part, on information contained in a consumer report within five years of the filing of this complaint through the date of final judgment in this action who were not provided the proper pre-adverse notice as required by 15 U.S.C. § 1681b(b)(3)(A).

49.     Plaintiff asserts her claims in Counts 2 and 3 on behalf of a Putative Background Check Class defined as follows:

**Improper Disclosure and Authorization Class:**  All Dollar Tree employees and job applicants who applied for or worked in a position that was at the level of assistant store manager or higher in the United States against whom adverse employment action was taken based, in whole or in part, on information contained in a consumer report within five years of the filing of this complaint through the date of final judgment in this action who were not provided the proper pre-adverse notice as required by 15 U.S.C. § 1681b(b)(3)(A).

50.     Numerosity: The Putative Classes are so numerous that joinder of all Class members is impracticable.   Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action.  Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Classes.

51.     Typicality:  Plaintiff's claims are typical of the members of the Putative Classes. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees.  Defendant typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

52.     Adequacy:  Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

53.     Commonality: Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

> A.     Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;
>
> B.     Whether Defendant's background check practices and/or procedures comply with the FCRA;
>
> C.     Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

11

D.    Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

E.    Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information in a consumer report, without first furnishing a copy of the report to the affected persons;

F.    Whether Defendant's violations of the FCRA were willful;

G.    The proper measure of statutory damages;

H.    The proper measure of actual damages as to the Pre-Adverse claims (if greater than statutory damages); and

I.    The proper form of injunctive and declaratory relief.

54.    This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

55.    This case is maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

56.    Class certification is also appropriate because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against

Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

57.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 1.220. The names and addresses of the Putative Class members are available from Defendant's records.

## FIRST CLAIM FOR RELIEF

### Failure to Provide Copy of Consumer Report in Violation of FCRA
### 15 U.S.C. § 1681b(b)(3)(A)

58.     Plaintiff alleges and incorporate by reference the allegations in the preceding paragraphs.

59.     Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

60.     Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them. See 15 U.S.C. § 1681b(b)(3)(A).

61.     The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had

available substantial written materials which apprised them of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

62.     Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

63.     Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM FOR RELIEF

### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

64.     Plaintiff alleges and incorporate by reference the allegations in the preceding paragraphs.

65.     In violation of the FCRA the background check Defendant required the Background Check Class to complete as a condition of their employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

66.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, in a stand- alone document.

67.     The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the Background Check Class members. By failing to do so

Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).  Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.  Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

68.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

69.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### THIRD CLAIM FOR RELIEF

**Failure to Obtain Proper Authorization in Violation of FCRA 15
U.S.C. § 1681b(b)(2)(A)(ii)**

70.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

71.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

72.     The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of

the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

73.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

74.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

75.     WHEREFORE, Plaintiff, on behalf of herself and the Putative Classes, prays for relief as follows:

A.     Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

B.     Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

C.     Issuing proper notice to the Putative Classes at Defendant's expense;

D.     Declaring that Defendant committed multiple, separate violations of the FCRA;

E.     Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F.     Awarding statutory damages as provided by the FCRA, including punitive damages;

G.     Awarding reasonable attorneys' fees and costs as provided by the FCRA;

H.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

76.      Plaintiff and the Putative Class demand a trial by jury.

DATED this 8th day of April, 2016.

Respectfully submitted,

LUIS A. CABASSA
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrou@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**


And

*/s/ Marc R. Edelman*
**MARC R. EDELMAN**
Florida Bar Number: 96342
**MORGAN & MORGAN P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 3306
Main No.: 813-577-4722
Facsimile: 813-257-0572
Email: medelman@forthepeople.com
**Attorney for Plaintiff**

17

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASHAY WALKER, on behalf of herself
and all similarly-situated individuals,

     Plaintiffs,

v.                                                    Case No.:  8:15-cv-01170-CEH-EAJ

DOLLAR TREE STORES, INC.,

     Defendant.

_____/

## AFFIDAVIT OF DAVID E. McDEARMON

Before me, the undersigned authority, David E. McDearmon, being first duly sworn, deposes and says:

1.    My name is David E. McDearmon.  I am over 18 years old and have personal knowledge of the information contained in this affidavit.

2.    I am currently employed by Dollar Tree Stores, Inc. as the Director of Human Resources, Field.

3.    I am familiar with Dollar Tree's policy on performing background screenings and am responsible for overseeing this function for the Company.  Dollar Tree contracts with a third party vendor to perform these screens.  The Company does not perform background screens on all applicants or new hires.  Due to volume, the Company only performs background screens on certain employees at the level of Assistant Store Manager or higher.  We do not perform background screens on individuals applying for or hired for a Store Associate position.  The Store Associate position includes those hourly employees who perform cashier duties on a full time or part time basis.

4.      When an individual applies for a position that requires a background screen, the applicant is required to complete an on-line application process.  As part of this on-line process, the applicant receives Dollar Tree's notice of intent to perform a background screen and must authorize the same.  Once the applicant provides authorization, the District Manager or human resources representative orders the background screen from our third party vendor directly through the on-line application process.

5.      I reviewed the list of individuals for whom Dollar Tree procured a background screen from our third party vendor from February 2013 through February 2015.  Dollar Tree did not order and the third party vendor did not perform a background screen on LaShay Walker.  I also asked the third party vendor to review its records to see if it ever performed a background screen on Ms. Walker for Dollar Tree.  The third party vendor advised me that it has not done so.

6.      Additionally, I reviewed the records regarding our on-line application process.  Ms. Walker never completed an on-line application, and therefore a background screening could not have been requested.  Dollar Tree does not have any record of performing a background screen on Ms. Walker, and indeed no such background screen would have been performed given her position with the Company.

7.      According to Company records, Ms. Walker was employed by Dollar Tree as a Store Associate from February 2013 to February 2015.  A copy of her position history from Dollar Tree's HR database is attached as Exhibit A.  In her capacity as Store Associate, Ms. Walker was paid on an hourly basis and performed certain job duties including cashiering.  As previously mentioned, Dollar Tree does not perform background screenings on applicants or employees for this job position.  For employees hired as a Store Associate, the local store personnel may perform a reference check on the individual.  A reference check is when the store

3407973.1

personnel call the applicant's previous employers and/or references to verify information contained in an employment application. Reference checks are performed by Dollar Tree personnel, and do not involve the services of any third party.

I have review the foregoing affidavit consisting of three pages, and swear that it is true. I have given this statement voluntarily, without promise of benefit, or threat or coercion of any type.

David E. McDearmon

The foregoing instrument was acknowledged before me this _29_ day of May, 2015, by David E. McDearmon, who is personally known to me or who has produced his driver's license as identification and who did take an oath.

NOTARY PUBLIC



Debra a Torrence
Signature
Debra A Torrence
Print Name
Commission No.: 7 6 0 3 6 5 2
My Commission Expires: 12·31-18

3407973.1

3